**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER MAGEE, *on behalf of J.M.*,

                              Plaintiff,

         - v -                                               Civ. No. 1:12-CV-959
                                                                       (NAM/RFT)

DOE, *Principal/Director; Head Start Program; Warren County*,
ANDREA HAYES, *Teacher; Head Start Program; Warren County*,

                              Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

CHRISTOPHER MAGEE
Plaintiff, *Pro Se*
09-A-3715
Elmira Correctional Facility
Elmira, NY 14902

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Christopher Magee, pursuant to 42 U.S.C. § 1983, on behalf of the Plaintiff's son, J.M. Dkt. No. 1, Compl. Magee has also filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2.

### I. DISCUSSION

#### A. Application for Leave to Proceed *In Forma Pauperis*

      We turn first to Magee's Application to Proceed IFP. The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), requires an inmate who seeks *in forma pauperis* status to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. In addition, this District requires all inmates to sign a fully

completed and properly certified *in forma pauperis* application <u>and</u> an inmate authorization form. *See* Rule 5.4(b) of the Local Rules of Practice of the Northern District of New York.

Plaintiff has filled out an Application to Proceed IFP, but has not submitted a completed inmate authorization form. *See* Dkt. No. 2. In order for his Complaint to proceed, Plaintiff must submit to the Court, within 30 days of this notice, either the appropriate filing fee ($350.00) or an authorization form reflecting the current $350.00 filing fee. A failure to submit one of these items within 30 days of this notice will result in this action being forwarded to the District Court for prompt dismissal of the Complaint.

However, Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the responsibility of the court to determine that a plaintiff may properly maintain his complaint before permitting him or her to proceed further with the action.

### B. Allegations Contained in Plaintiff's Complaint

The Complaint alleges that Plaintiff's five-year-old son, J.M., was assaulted by a teacher, Defendant Andrea Hayes, at the "Head Start Program" of Warren County on April 19, 2012. Compl. at ¶ 6. Magee also includes "the principal and school officials" in this action, as they had the "obligation . . . to see that Plaintiff J.M. was free of any abuse." *Id.* He seeks five million dollars on behalf of his son, as well as an "injunction be placed upon the school, all staff be subjected to psychological treatment . . . and [J.M.] be given a private school with any financial backing

charge[d] to Defendants." *Id.* at ¶ 8.

There are a vast multitude of problems with Plaintiff's pleading. First, Plaintiff provides no facts by which this Court could evaluation the issue of standing. For instance, if the child's mother is his legal guardian – and we can safely assume that Magee, an inmate in custody at Elmira Correctional Facility, is at least not the custodial parent of J.M. – it "is not clear that the incarcerated [individual] has standing to bring an action on [his or her child's] behalf, even if he is [the child's] father." *Valle v. Doria*, 2010 WL 4967987, at *1 (S.D.N.Y. Dec. 2, 2010).

Secondly, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). Magee claims that "such matters violated Plaintiff's 8th Amendment right to be free from cruel and unusual punishment, as well as the Plaintiff's 14th Amendment of Due Process." Compl. at ¶ 6. However, "[t]he schoolchild has little need for the protection of the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). It is well-established that the Eighth Amendment's Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes," and, consequently, the Clause applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Id.* at 664 & 671 n.40; *see also Lane v. Carpinello*, 2009 WL 3074344, at *18 (N.D.N.Y. Sept. 24, 2009) (noting that the Eighth Amendment prohibits "cruel and unusual punishment of those

convicted of crimes, [and] is therefore not applicable" in other circumstances) (citing *Youngberg v. Romeo*, 457 U. S. 307, 312 (1982)).  Therefore, and because Magee did not provide the Court with any details surrounding his allegation that J.M. "was assaulted by Teacher Andrea Hayes" at the Head Start Program at Warren County, this Court finds that the Complaint fails to state a valid constitutional violation as required to state a cause of action under 42 U.S.C. § 1983.

Finally, when reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (citation and emphasis omitted).  A review of the Complaint herein reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rule.  Magee fails to provide this Court with any factual allegations against any specific Defendant by which this Court can assess the nature of the suit and any wrongdoing, such as the nature of the alleged assault on J.M., but instead makes statements that are wholly conclusory, such as "[these] matters violated Plaintiff's 8th Amendment right[.]" Compl. at ¶ 6.  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Although a court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action IFP.  Because Magee failed to show the proper standing required to bring this action, failed to state a valid cause of action under 42 U.S.C. § 1983, and failed to satisfy Rule 8 of the Federal Rules of Civil Procedure, the Court recommends that Plaintiff's action be **dismissed**.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) is **DENIED** as incomplete, and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii), for failure to state a claim upon which relief may be granted; and

it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 28, 2012
      Albany, New York

 _____
Randolph F. Treece
U.S. Magistrate Judge