UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

CHRISTOPHER MAGEE, on behalf of J.M.,

                    Plaintiff,
          vs.
                                                    1:12-CV-0959

DOE, Principal/Director; Head Start Program;
Warren County, ANDREA HAYES, Teacher;
Head Start Program; Warren County,

                    Defendants,
─────────────────────────────────────────

APPEARANCES:                              OF COUNSEL:

CHRISTOPHER MAGEE
09-A-3715
Elmira Correctional Facility
Elmira, New York  14902
Plaintiff, *Pro Se*

**Norman A. Mordue, U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

I.      **Introduction**

        Plaintiff, an inmate in the custody of the New York State Correctional Services brings this

action on behalf of his five year old son who he claims was assaulted by a teacher while in the

care of a preschool Head Start Program in Glens Falls, New York.  The complaint alleges

violations under 42 U.S.C. § 1983 pursuant to the Eight and Fourteenth Amendments.  Upon

referral pursuant to 28 U.S.C. § 636 (b) (1) B) an Local Rule 72.3(c), United States Magistrate

Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 4) recommending that

the complaint be dismissed for failure to state a valid cause of action.  The plaintiff failed timely

objections to portions of the Magistrate Judge's Report and Recommendation which this Court

will review *de novo*.

**II.     Discussion**

As an initial matter, the Court adopts the factual findings of the Magistrate Judge in his

Report and Recommendation except to the extent that the Magistrate Judge suggested that the

plaintiff's status as a non-custodial parent might affect his standing to bring this action.  See

*Fuentes v. Bd. of Educ. of City of New York*, 2002 WL 1466421 (E.D.N.Y July 10, 2002) ("sparse

case law is consistent with the notion that non-custodial status, whther by operation of a divorce

decree, incarceration, or otherwise, does not automatically divest a non-custodial parent of all

parental rights.  *See, e.g., Crane v. Crane*, 264 A.D.2d 749, 751 (2d Dep't 1999 (even though

mother was awarded custody upon divorce, father continues to have the right to make decisions

with regard to health, education, welfare and general care and raising of children); 47 N.Y. Jur.2d

Domestic Relations § 1259 (2002) ("a parent who has been incarcerated should, while actually

incarcerated, fulfill the obligations of a parent"); Compare, e.g., Family Educational Rights and

Privacy Act Title of 1974 ("FERPA"), 20 U.S.C. § 1232g (absent a binding instrument or court

order barring access to records, a non-custodial parent has the right to inspect educational records

of children)).[1]

With respect to *in forma pauperis* status, the Magistrate Judge noted that plaintiff had

filed an application for IFP status but failed to submit a completed inmate authorization form

---

[1]

The Court notes that *Fuentes* involved an incarcerated inmate who sued seeking an award of
compensatory education for his disabled son pursuant to the federal Individuals with
Disabilities Education Act.  The trial court held that the plaintiff's non-custodial status did not
automatically divest him of standing to bring the action.

reflecting the current filing fee of $350.00.[2]  The Court notes its obligation to consider the sufficiency of the allegations set forth in plaintiff's pleading in light of 28 U.S.C. § 1915 (e) because he seeks to proceed *in forma pauperis*.  Said section requires the court to "dismiss the case at any time if the court determines that - . . . (B) the action . . . (I) is frivolous or malicious." 28 U.S.C. § 1915 (e)(2)(B).  Thus the Court has a gatekeeping responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *See id.*

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants.  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curium), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had the opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  When reviewing a complaint under section 1915(e), the court may also look to Fed. R. Civ. P..  Rule 8 of the Fed. R. Civ. P. provides that a pleading that sets forth a claim for relief shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8 (a)(2).  The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. No. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 ( N.D.N.Y. 1995) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498

---

[2]

In fact, the Court notes that plaintiff submitted the required Inmate Authorization Form. What he failed to complete was the required "Certificate" which must be signed and dated by an official at the institution of incarceration certifying the amount of funds in plaintiff's prison bank account.

(D.D.C. 1977) (balance of citations omitted)).

A *pro se* litigant's complaint should be read liberally, and the pro se litigant should be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir 2009) (internal quotation marks and citation omitted).  In this case, plaintiff asserts that his son was assaulted by a teacher employed by the Glens Falls Head Start Program.  He alleges that the teacher's actions violated his con's constitutional rights under the Eighth and Fourteenth Amendments.  Specifically, plaintiff avers that his son's right to be free of cruel and unusual punishment was violated as well as his right if due process.  While the Court, like the Magistrate Judge, is hard pressed to find any application of the Eighth Amendment's guarantees against crual and unusual punishment applicable to the facts at bar, there clearly is potential application of the Fourteenth Amendment.  While plaintiff's son may not have been entitled to any special due process rights at the time of the incident complained of herein, the Court finds that the facts alleged by plaintiff could amount to use of excessive force by the defendant teacher under the Fourteenth Amendment as well as deliberate indifference by the teacher or director.  As a further matter, plaintiff's complaint also makes out a potential claim against the defendant teacher for use of corporal punishment in violation of the Head Start Act under 42 U.S.C. § 1983.  Upon de novo review, the Court disagrees with Magistrate Judge Treece's analysis and recommendation regarding plaintiff having failed to state a viable cause of action.  Accordingly, the Court adopts only the factual portion of the Report and Recommendation as set forth above.

In light of his pro se status, the Court will afford plaintiff the opportunity to amend his complaint if he desires to proceed with this action.  Any amended complaint submitted in response to this Memorandum-Decision and Order must set forth a short and plain statement of

4

the facts plaintiff relies on in support of his claim that the individuals named as defendants engaged in acts of misconduct or wrongdoing.  "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" Austin v. Pappas, No. 04-CV-263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (citing Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).  Thus, any further amended pleading filed by plaintiff must include allegations of fact against each defendant sufficient to demonstrate their personal involvement in the matters complaint of.

Plaintiff's amended complaint, which shall supercede and replace in its entirety the original complaint in this case, must be a complete pleading which sets forth all the claims that he wants the Court to consider as a basis for awarding relief herein.  Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further order of the Court.

**III.    Conclusion**

WHEREFORE, it is hereby

ORDERED that the Report and Recommendation of Magistrate Judge Randolph F. Treece is adopted in part and rejected in part; and it is further

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is **DENIED** without prejudice upon plaintiff providing the required signed CERTIFICATE by a proper prison official; and it is further

ORDERED that plaintiff is granted leave to file an amended complaint as set forth above **within thirty (30) days** from the filing of this Decision and Order.  The Clerk is directed to send plaintiff a blank § 1983 complaint form and a copy of his original complaint for use in preparing

an amended complaint; and it is further

ORDERED that in the event that plaintiff fails to file an amended complaint within thirty days from the date of the filing of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915 (e) and § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Order; and it is further

ORDERED that upon the filing of plaintiff's amended complaint that this matter be returned to the Court for further review; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff .

IT IS SO ORDERED.

Date:   August 23, 2012

Honorable Norman A. Mordue
U.S. District Judge

6