UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CHRISTOPHER MAGEE, on behalf of J.M.,**

                     **Plaintiff,**

            -v-                              **1:12-CV-959 (NAM/RFT)**

**DOE, Principal/Director; Head Start Program: Warren County, ANDREA HAYES, Teacher; Head Start Program; Warren County,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

CHRISTOPHER MAGEE
09-A-3715
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff, *pro se*

MACKENZIE HUGHES LLP
W. Bradley Hunt, Esq., of counsel
Stephen T. Helmer, Esq., of counsel
Richard P. James, Esq., of counsel
101 S. Salina Street, P.O. Box 496
Syracuse, New York 13221-4967
Attorneys for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In his *pro se* amended complaint (Dkt. No. 7), plaintiff, on behalf of his son, alleges that his son's rights under the United States Constitution were violated during an incident occurring on April 20, 2012 at the Warren County Head Start, Inc. day care program ("program") at 11 Pearl Street, Glens Falls, New York. Defendants move for summary judgment (Dkt. No. 31). As set forth below, the motion is granted.

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  When deciding a summary judgment motion, the court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).  Where, as here, the nonmovant is proceeding *pro se*, the court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest."  *Id.* (citation omitted).

In support of their motion for summary judgment, defendants submit affidavits based on the personal knowledge of the people who were present during the incident.  These affidavits establish that there was no wrongdoing on the part of any defendant or anyone else at the program.  Defendants also submit the report from the Warren County Child Protective Service, which investigated and found the allegations against the program to be unsubstantiated.  Plaintiff has submitted no opposition to the summary judgment motion.  The Court has reviewed the amended complaint and finds no allegations based on first-hand knowledge by plaintiff, who was incarcerated at the time of the incident. Reading plaintiff's papers most liberally and interpreting them to raise the strongest arguments that they suggest, the Court finds no genuine issue with regard to any material fact.  Defendants are entitled to summary judgment dismissing the claims on the merits.

It is therefore

ORDERED that the motion (Dkt. No. 31) for summary judgment is granted; and it is further

ORDERED that the amended complaint (Dkt. No. 7) is dismissed on the merits; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

August 15, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge